UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> JAMES POOL, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> )     Cause No.: <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs Monsanto Company and Monsanto Technology LLC (hereinafter "Monsanto"), by their undersigned counsel, and for their Complaint against Defendant James Pool (hereinafter "Defendant" or "Defendant Pool") state:

## THE PLAINTIFFS

1. Monsanto Company is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto Company is authorized to do and is doing business in Missouri and in this judicial district. Monsanto Company is in the business of developing, manufacturing, licensing and selling agricultural biotechnology, agricultural chemicals and other agricultural products.

2. Monsanto Technology LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto Technology LLC is authorized to do and is doing business in Missouri and in this judicial district.

3184882

## THE DEFENDANT

3. Defendant James Pool is a resident and domiciliary of Richland County, Illinois. Defendant Pool is engaged in a farming business that involves the planting of crops, including soybeans.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that one or more of Plaintiffs' claims arise under the laws of the United States, as well as 28 U.S.C. § 1338, granting district courts original jurisdiction over any civil action regarding patents. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' non-federal question claims, such that they form part of the same case or controversy.

5. This Court has personal jurisdiction over Defendant Pool and venue is proper in this judicial district insomuch as the parties agreed to personal jurisdiction in this judicial district and have designated this Honorable Court as the forum and venue for all disputes arising under the licensing agreement executed by Defendant Pool. A true and accurate copy of the licensing agreement executed by or on behalf of Defendant Pool in 1998 is attached hereto as Exhibit 1 and incorporated herein by this reference.

## GENERAL ALLEGATIONS

6. After the investment of substantial time, expense, and expertise, Monsanto developed a new plant biotechnology that involves the transfer into crop seed of a gene that causes such seed to be resistant to Roundup® branded herbicides.[1] Roundup® is a non-selective herbicide manufactured by Monsanto, which causes severe injury or crop destruction to soybean varieties that are not Roundup Ready®. This technology has been utilized in several agricultural

---

[1] Roundup® and Roundup Ready® are registered trademarks of Monsanto Technology LLC.

crops, including soybeans. The genetically improved seeds are marketed by Monsanto as Roundup Ready® soybeans.

7. Monsanto's Roundup Ready® seed biotechnology is protected under patents issued by the United States Patent Office, including U.S. Patent Number 5,352,605 (the "'605 patent") and U.S. Patent Number US RE39,247 E (the "'247 patent"), true and accurate copies of which are attached hereto as Exhibits 2 and 3 and incorporated herein by reference. The '605 and '247 patents was issued and assigned to Monsanto prior to the events giving rise to this action.

8. Monsanto licenses the use of Roundup Ready® seed technology to farmers at the retail marketing level.

9. The required statutory notice that Roundup Ready® biotechnology is patented is placed on the labeling of all bags containing Roundup Ready® seed. In particular, each bag of Roundup Ready® seed is marked with notice of at least U.S. Patent No. 5,352,605.

10. A licensing agreement was executed by and/or on behalf of Defendant Pool in 1998. *See* Exhibit 1.

11. Under the terms of the license agreement, through which Monsanto's patented Roundup Ready® crop seed technology is licensed, a purchaser is only authorized to use the seed for planting a commercial crop in a single growing season, and is prohibited from saving any of the crop produced from the purchased seed for planting or selling saved seed from the crop produced from the purchased seed, or otherwise supplying or transferring any seed produced from the purchased seed to anyone for planting. The only permissible use of the patent protected seed is to market the crop derived therefrom as a commodity.

12. Monsanto sought information and materials relating to Pool's farming operation from Pool that would assist Monsanto in confirming the scope of Defendant's compliance with U.S. patent law and the licensing agreement he executed, including, without limitation, the inspection and sampling of crop production and fields, records of the Farm Service Agency ("FSA") of the United States Department of Agriculture, agricultural purchase receipts/records, and crop production sales receipts/records. Defendant has refused to provide the requested information or materials. In the absence of such information and materials, Monsanto resorts to the judicial process and the aid of discovery to obtain such information and materials.

13. Upon information and belief, in at least 2008, fields farmed by Defendant Pool were planted with "saved," bin-run Roundup Ready® soybean, that is, soybean seed which was produced from the Roundup Ready® soybean seed which was planted in 2007 or an earlier year.

14. Upon information and belief, subsequent to the planting and the germination of the saved Roundup Ready® soybean seed in 2008, those same fields were sprayed with a chemical. This spraying was conducted "over the top," that is, there was no effort being made by those conducting the spraying to insure that the chemical being sprayed did not come in contact with newly germinated soybean plants. Upon information and belief, Defendant Pool's fields planted with the saved, bin-run Roundup Ready® soybean seed were sprayed with a herbicide containing glyphosate.

15. Upon information and belief, Defendant Pool knowingly, intentionally and willfully planted unlicensed, saved Roundup Ready® seed without authorization from Monsanto and in violation of Monsanto's patent rights.

## COUNT I - PATENT INFRINGEMENT - PATENT NO. 5,352,605

16. Each and every material allegation set forth in the above numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

17. On October 4, 1994, United States Patent No. 5,352,605 was duly and legally issued for an invention in Chimeric Genes for Transforming Plant Cells Using Viral Promoters, and since that date, Monsanto has been and still is the owner of that patent. *See* Exhibit 2. This invention is in the fields of genetic engineering and plant biology.

18. Upon information and belief, without authorization or license, Defendant Pool has made, used, offered to sell and/or sold Monsanto's patented invention within the United States during the term of Patent No. 5,352,605, and in violation of 35 U.S.C. § 271.

19. Upon information and belief, Defendant Pool's infringing activities were undertaken with full knowledge and with notice that Defendant Pool was in violation of Monsanto's patent rights.

20. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

21. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with such interest and costs to be taxed to Defendant. Monsanto requests that these damages be trebled pursuant to 35 U.S.C. § 284 in light of Defendant's knowing, willful, deliberate and conscious infringement of the patent rights at issue and that Monsanto recover its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II - PATENT INFRINGEMENT - PATENT NO. US RE39,247 E

22. Each and every material allegation set forth in the above numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

23. On August 22, 2006, United States Patent No. US RE39,247 E was duly and legally reissued for an invention in Glyphosate-Tolerant 5-Enolpyruvylshikimate-3-Phosphate Synthases. This was the reissue of Patent No. 5,633,435, issued on May 27, 1997, and since that date, Monsanto has been and still is the owner of that patent. *See* Exhibit 3. This invention is in the fields of genetic engineering and plant biology.

24. Upon information and belief, without authorization or license, Defendant has made, used, offered to sell and/or sold Monsanto's patented invention within the United States during the term of Patent No. 5,352,605 and/or Patent No. US RE39,247 E, and in violation of 35 U.S.C. § 271.

25. Upon information and belief, Defendant's infringing activities were undertaken with full knowledge and with notice that Defendant was in violation of Monsanto's patent rights.

26. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

27. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with such interest and costs to be taxed to Defendant. Monsanto requests that these damages be trebled pursuant to 35 U.S.C. § 284 in light of Defendant's knowing, willful, deliberate and conscious infringement of the patent rights at issue and that Monsanto recover its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III - CONVERSION

28. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

29. Upon information and belief, by making, using, offering to sell or selling Roundup Ready® soybean seed without authority, Defendant Pool intentionally and wrongfully exercised dominion, ownership and control over Roundup Ready® technology which was the property of Monsanto under the terms of the '605 and '247 Patents and which is only legitimately available to third parties through an express and limited license from Monsanto.

30. Upon information and belief, Defendant Pool's conversion of Monsanto's property rights was malicious and willful.

31. As a result, Monsanto is entitled to damages equal to the value of the Roundup Ready® soybean seed at the time of the conversion; which is an amount equal to the applicable sale price.

32. As Defendant Pool's conversion of Monsanto's property rights was malicious and willful, Monsanto is entitled to punitive damages.

## COUNT IV - UNJUST ENRICHMENT

33. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

34. Upon information and belief, Defendant Pool's conduct, as described in the above-numbered paragraphs, has resulted in a benefit being conferred upon Defendant Pool and Defendant Pool's appreciation of the benefit in that Defendant Pool illegally made, used, sold and offered to sell, or otherwise transferred unlicensed Roundup Ready® soybean seed, during at least 2008 in contravention of Monsanto's patent rights.

35. As a result, Defendant Pool has been unjustly enriched and obtained profits that in equity and good conscience belong to Monsanto.

36. Defendant Pool's acceptance and retention of this benefit under the circumstances renders Defendant Pool's retention of these benefits inequitable.

37. As a result, Monsanto is entitled to damages in an amount to be proven at trial.

## COUNT V - BREACH OF CONTRACT

38. Each and every material allegation set out in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

39. The conduct of Defendant Pool, as set forth above, is a breach of the licensing agreement executed by or on behalf of Defendant Pool in 1998 (*see* Exhibit 1) which, among other provisions, prohibits the saving, planting and/or transfer or sale of saved Roundup Ready® soybean seed or use of any portion of seed grown from newly purchased Roundup Ready® soybean seed for anything other than marketing the crop derived therefrom into a terminal market as a commodity.

40. As a direct and proximate result of this breach, Monsanto has been damaged and is entitled to damages for breach of the licensing agreement, as well as reasonable attorneys' fees under the licensing agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Monsanto Company and Monsanto Technology LLC request judgment in their favor and against Defendant Pool providing the following remedies:

a. A protective order prohibiting Defendant Pool from:

   (1) selling, destroying, tampering, or engaging in any other action or activity which may result in the destruction or spoliation of any seed containing the Roundup Ready® gene technology which is either stored by Defendant or is presently located on or growing in fields owned, leased,

operated, controlled or otherwise farmed by Defendant Pool or on his behalf;

    (2) any action that would hinder Monsanto's ability to discover all stored seed and identify all planted soybean fields owned, leased, operated, controlled or farmed by Defendant Pool or on his behalf for the purpose of conducting confirmation testing for the presence of Monsanto proprietary gene technology.

b. Entry of judgment for damages, together with interest and costs, to compensate Monsanto for Defendant Pool's patent infringement;

c. Trebling of damages awarded for Defendant Pool's infringement of Monsanto's patent rights, together with reasonable attorneys' fees and costs;

d. Entry of a permanent injunction against Defendant Pool to prevent Defendant Pool from making, using, planting, selling, or offering to sell or otherwise transferring any Roundup Ready® crop seed in order to protect against future infringement of Monsanto's rights secured by its patent rights;

e. Entry of judgment for damages, together with interest and costs, to compensate Monsanto for Defendant Pool's conversion of Plaintiffs' property rights;

f. Entry of a punitive damages award against Defendant Pool for his willful and malicious conversion of Monsanto's property;

g. Entry of judgment for damages, together with interest and costs to compensate Monsanto for Defendant Pool's unjust enrichment and the profits obtained that in equity and good conscience belong to Monsanto;

h. Entry of judgment for damages, together with interest, Monsanto's attorneys' fees and costs to compensate Monsanto for Defendant Pool's breach of the licensing agreement; and

i. For such other and further as the Court shall deem appropriate.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By: ‎ /s/ *Joseph C. Orlet*
Joseph C. Orlet, #4001
S. Christian Mullgardt, II #84373
Matthew R. Grant, #102009
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 facsimile
joseph.orlet@huschblackwell.com
christian.mullgardt@huschblackwell.com
matt.grant@huschblackwell.com

Attorneys for Plaintiffs Monsanto Company and Monsanto Technology LLC

**SERVE:**

James Pool
1910 N. Prairieton Road
Claremont, Illinois 62421