UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES POOL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Cause No.: 4:09CV00185AGF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### FINAL CONSENT INJUNCTION AND JUDGMENT

### I. Parties & Definitions

A. Plaintiff Monsanto Company is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto is authorized to do and is doing business in Missouri and in this judicial district.

B. Plaintiff Monsanto Technology, LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto Technology, LLC is authorized to do and is doing business in Missouri and in this judicial district. Monsanto Company and Monsanto Technology, LLC are hereinafter referred to collectively as "Monsanto."

C. Defendant James Pool is a resident of Richland County, Illinois. Defendant is and/or has been involved in the production of agricultural crops including soybeans.

D. "Person" means any natural individual or any entity, and, without limiting the generality of the foregoing, includes natural persons, associations, joint ventures, limited partnerships, partnerships, corporations, companies, trusts, and public agencies.

### II. Stipulated Findings

A. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, in that one or more of Monsanto's claims arise under the laws of the United States, as well as 28 U.S.C. § 1338, granting district courts original jurisdiction over any civil action regarding patents. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Monsanto's non-federal question claims, such that they form part of the same case or controversy.

1

SLC-3465676-1

B.  Venue is proper in this judicial district insomuch as the parties have agreed and consented to personal jurisdiction and venue in this judicial district and/or designated this Honorable Court as the forum and venue for all disputes arising under the licensing agreements signed by Defendant.

C.  Monsanto is in the business of developing, manufacturing, licensing and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense and expertise, Monsanto developed new plant biotechnologies that involve the transfer into crop seed of genes that cause seed to be resistant to glyphosate-based herbicides such as Roundup® branded herbicides (the "Roundup Ready® trait").

D.  Monsanto's Roundup Ready® trait has been utilized in several agricultural crops, including soybeans, to render them resistant to applications of glyphosate, a herbicide. These genetically modified crop seeds are marketed by Monsanto and other seed companies as "Roundup Ready®" crop seed. Roundup® and Roundup Ready® are registered trademarks of Monsanto Technology, LLC.

E.  Monsanto's Roundup Ready® biotechnology is protected under patents issued by the United States Patent Office, specifically including U.S. Patent Number 5,352,605 (the "'605 patent") and U.S. Patent Number RE39,247 (the "'247 Patent"). Prior to some or all the events giving rise to this litigation, the '605 and '247 Patents were issued to and/or Monsanto was the exclusive licensee from the owner and was authorized to enforce the rights relating thereto, including seeking injunctive and monetary relief for the infringement thereof. Defendant stipulates and acknowledges that the '605 and '247 patents are valid and enforceable.

F.  Under the terms of Monsanto's system through which its patented Roundup Ready® biotechnology is licensed, a purchaser is only authorized to use the seed for planting a commercial crop in a single growing season, and is prohibited from saving any of the crop produced from the purchased seed for planting or selling saved seed from the crop produced from the purchased seed, or otherwise supplying or transferring any seed produced from the purchased seed to anyone for planting.

G.  During at least the 2003-2008 growing seasons, Defendant planted saved, second-generation Roundup Ready® soybean seed on his crop land. Additionally, Defendant applied a glyphoste-based herbicide over-the-top of soybean fields grown from the saved, second-generation Roundup Ready® soybean seed.

H.  Defendant agreed, acknowledges and stipulates that he knowingly infringed upon at least 1 claim of Monsanto's '605 patent and at least 1 claim of Monsanto's '247 patent. As such, Defendant acknowledges that his conduct constitutes a violation of 35 U.S.C. § 271(a). Defendant further acknowledges that his infringement was willful.

### III. Permanent Injunction

A.  It is hereby ordered, adjudged and decreed that Defendant, individually and/or by, through or with any entity, or any agent, servant, employee, and each person in active concert or participation with Defendant, including any of his employees or hired hands that he may retain, who receives actual notice of this Final Consent Injunction and Judgment by personal service or otherwise, are permanently enjoined from:

   1. Planting any saved, second-generation Roundup Ready® soybean seed and/or Roundup Ready 2 Yield™ soybean seed;

   2. Infringing upon U.S. Patent No. 5,352,605 or U.S. Patent No. RE39,247.

### IV. Monetary Provision

A.  By consent of the parties, judgment is entered against Defendant and in Monsanto's favor in the total amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), each party to bear its own costs and attorneys' fees.

### V. Other Provisions

A.  Having read and understood the terms and conditions of this Final Consent Injunction and Judgment, the parties agree that the Final Consent Injunction and Judgment constitutes a fair and adequate resolution of all issues and claims involved in this action between Monsanto and Defendant. The parties have by the signatures herein below recommended this Court issue this Final Consent Injunction and Judgment.

B.  Jurisdiction is retained for the purpose of enabling any party to this Final Consent Injunction and Judgment to apply to the Court at any time for the enforcement of the provisions herein and/or to remedy a violation of the Final Consent Injunction and Judgment. This Final Consent Injunction and Judgment shall be governed by the laws of the State of Missouri and the United States.

C.  The failure, or alleged failure, to seek remedies as the result of violation of the Final Consent Injunction and Judgment shall not constitute a waiver of any other violation.

D.  If any provision or provisions of this Final Consent Injunction and Judgment is or are declared invalid by a court of competent jurisdiction, the remainder of this Final Consent Injunction and Judgment shall remain in full force and effect and shall not be affected by such declaration. If any provision or provisions of this Final Consent Injunction and Judgment is or are declared invalid as being overbroad by a court of competent jurisdiction, the court should modify the provision or provisions so that they are as broad as possible without being so broad as to be invalid.

E. The Parties acknowledge that they have read this Final Consent Injunction and Judgment and that they have discussed its terms and conditions with an attorney of their choice. The Parties further declare and represent that in executing this Final Consent Injunction and Judgment, they have relied wholly upon their own judgment, belief and knowledge of the nature, extent, and effect of this Final Consent Injunction Judgment, without reliance upon any statement, promise or representation by any party.

F. By his signature below, Defendant waives the right to trial and/or appeal of this matter and agrees to, and acknowledges the terms of, this Final Consent Injunction and Judgment and waives any requirement of the personal service of this Final Consent Injunction and Judgment.

SO ORDERED: *Audrey G. Fleissig*
HONORABLE AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of April, 2010.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By: */s/ Matthew R. Grant*
Joseph C. Orlet, #4001
Matthew R. Grant, #102009
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 facsimile
joseph.orlet@huschblackwell.com
matt.grant@huschblackwell.com

Attorneys for Plaintiffs Monsanto Company and Monsanto Technology LLC

AND

4

SLC-3465676-1

RONALD E. OSMAN & ASSOCIATES, LTD.

By: ___/s/ Blane Osman (with consent)___
Ronald E. Osman
Blane Osman
1602 W. Kimmel
P.O. Box 939
Marion, Illinois 62959
Telephone: 618-997-5151
Facsimile: 618-997-4983
rosman@marion.quitamlaw.com
bosman@marion.quitamlaw.com

Attorneys for Defendant James Pool

JAMES POOL

Signature: /s/ James H. Pool
Date: March 16, 2010

State of Illinois )
County of Richland )

On this 16th day of March, 2010, before me personally appeared James Pool to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City and State aforesaid, the day and year first above written.

Notary Public

My Commission Expires: 11/4/13

OFFICIAL SEAL
JON J. RACKLIN
Notary Public - State of Illinois
My Commission Expires Nov 04, 2013

5

SLC-3465676-1

Monsanto Company and Monsanto Technology LLC
By:
Signature: _____
Name: Christopher T. Reat
Title: Stewardship IP Lead
Date: March 30, 2010